889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jane DOE and John Doe, Plaintiffs-Appellants,
v.
The CITY OF WARREN, Defendant-Appellee.
John DOE, Plaintiff-Appellant,
v.
CITY OF WESTLAND, Defendant-Appellee.
 Nos. 88-2187, 89-1078.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1989.
 
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 In these consolidated appeals, plaintiffs appeal from orders granting summary judgment to the Cities of Warren and Westland. Plaintiffs contended that holiday displays located on public property violated the Establishment Clause of the First Amendment.
 
 
 2
 The parties to both cases agreed there were no material issues of fact.
 
 
 3
 In the City of Warren case, plaintiffs challenged inclusion of a nativity scene or creche and a Chanukah menorah[1] in the city's Christmas holiday season display. No signs bearing religious messages were affixed to either. Also a part of the display, located on the front lawn and wall of city hall, were stars, a Santa Claus head hanging from a tree, candles, two large soldiers or nutcrackers, a large snowman, a Star of David, an American flag, a V.F.W. memorial, strings of lights, and a Christmas tree. Boxes, wrapped in ribbon, were located within the stable portion of the creche.
 
 
 4
 Challenged in the City of Westland case was use by the city of a creche in a holiday display which was spread over a considerable distance, and located on a large public square at the corner opposite city hall. The extended display also included a figure of Santa Clause in a sleigh drawn by a reindeer, a standing Santa Claus, a snowman, two toy soldiers or nutcrackers, two carollers, and lighted evergreen trees. No sign was attached to the creche.
 
 
 5
 In deciding the City of Warren case, the district court noted that:
 
 
 6
 The City erects the display on December 1, a time by which the holiday season is traditionally acknowledged as having begun. As such, the display may be viewed as "engender[ing] a friendly community spirit of goodwill in keeping with the season." Clearly, this would not be the case were the creche displayed during other times of the year. The fact remains, however, that historically nativity scenes have gained a customary position in the ornamental celebration of the Christmas holiday season.
 
 
 7
 The fact that the display is located on the lawn of the Warren City Hall admittedly merits some concern. There is no denying that such placement may, in some individuals' minds, raise some questions regarding the government's association with religion. Again, however, this factor must be viewed in the totality of the circumstances. This requires addressing ... an assessment of the physical content of the display .... [T]he display in the City of Warren includes several secular symbols, such that the appearance of church and state collusion is lessened. This is, after all, the central concern ... that the government not appear to endorse a religion. Given this, along with the use of the display during the holiday season in a manner historically recognized, we find that the City of Warren's City Hall display poses no real danger of establishment of a state church as prohibited by the first amendment. (Citations omitted.)
 
 
 8
 And, in the City of Westland case, the trial judge pointed out that
 
 
 9
 There is no dispute that the city sought through the display to celebrate the Christmas holiday, a legitimate secular purpose ... The effect of the display because of the inclusion of secular symbols of the holiday ... is to remind observers of the religious origins of the holiday.... The overall display is installed to coincide with the city's observation of the beginning of the holiday season: the winner of a school essay competition on the meaning of Christmas is honored, the evergreen trees are lit and Santa Claus arrives and is presented with the key to the city. Taken in the context of the creche's being displayed with other symbols of the holiday, the court cannot conclude ... that Westland has communicated an endorsement of Christianity. The Westland display does not effect a governmental message of exclusion and difference to non-adherants [sic]. Rather ... it effects a constitutionally permissible commemoration of the Christmas holiday's obvious religious origins.
 
 
 10
 The court declines plaintiff's invitation to, in effect, establish a per se rule setting forth the degree of secular symbolism requisite to a finding that a municipality has not acted to endorse religion. In the present case the record only reveals that Westland has identified itself through sponsorship of the display with a message that commemorates the religious origins of the Christmas holiday. That action is permissible under the First Amendment.
 
 
 11
 Both cases were decided before release of the Supreme Court's opinion in County of Allegheny v. ACLU, 109 S.Ct. 3086 (1989), an opinion which is dispositive of these appeals. In that opinion, the court noted that it had construed the Establishment Clause's prohibition against governmental endorsement of religion to preclude conveying a message that religion or a particular religious belief is favored or preferred. 109 S.Ct. at 3100-01. And from that opinion, we learn that whether the conduct of the cities in displaying nativity scenes (and in the case of City of Warren a Chanukah menorah) had the effect of conveying such a message, turns on the setting in which the objects were placed. Id. at 3103. In neither instance were the objects displayed by themselves; numerous secular objects were placed near them and detracted from any religious message associated with the objects in question.
 
 
 12
 The settings in which the objects were placed were similar in that, in each, the landscape was littered with objects. Presented to viewers was a hodgepodge of figures, ornaments, lights, drawings, and decorations, sprouting from lawns, hanging from trees, and affixed to buildings. Regardless of the impact of these scenes upon the aesthetic sensibilities of passers-by, when one looks at the confusing profusion of objects presented by the photographs in the record--some secular, some religious in orientation--one is hard-pressed to construe the displays as endorsements of religion. Since each display presents a series of figures and objects and numerous focal points, if any message can be said to emerge from either, it is that the cities were acknowledging Christmas as a cultural phenomenon, utilizing traditional symbols to denote the diverse ways in which it was observed by their citizens. When viewing the overall settings in which the challenged objects were displayed, one could not reasonably conclude that either city was conveying a message that religion or a particular religious belief was favored or preferred.
 
 
 13
 For the reasons stated above, the orders of the district courts are affirmed.
 
 
 
 [1]
 Although the candelabrum depicted was of a tree-and-branch design with a central candlestick and only six branches, rather than the eight branches found in a Chanukah menorah, the parties in court below treated the representation as though it were intended to be a Chanukah menorah